IN THE MATTER OF THE APPEAL OF CLAYTON-MARCUS COMPANY, INC., FROM ADMINISTRATIVE DECISION NO. 114 OF TAX REVIEW BOARD OF NORTH CAROLINA

No. 7410SC284

(Filed 4 September 1974)

Taxation § 31— use tax — fabric used in furniture manufacturer's sample books

Fabric taken from a furniture manufacturer's inventory for use in making swatch books of sample fabrics is "used or consumed" within the meaning of the use tax statute, G.S. 105-164.6, and is not an "ingredient or component part of tangible personal property which is manufactured" within the meaning of the exemption provided by G.S. 105-164.13(8).

Judge BALEY dissenting.

APPEAL by petitioner from *Hobgood, Judge,* 26 November 1973 Session of Superior Court held in WAKE County. Heard in the Court of Appeals on 28 May 1974.

The petitioner, Clayton-Marcus Company, Inc., (hereafter referred to as petitioner) is engaged in the business of manufacturing upholstered furniture in Hickory, North Carolina. On 15 May 1968, the N. C. Department of Revenue completed an examination of petitioner's records and determined that additional tax in the sum of $5,491.79 was due. The audit report disclosed that the additional tax was assessed on petitioner's sales of furniture at retail, purchases of mill machinery and machinery parts, and certain purchases subject to the 3% rate of use tax which included fabric withdrawn from petitioner's ingredient materials inventory for use in the production of swatch books. Swatch books are books produced by petitioner which are used in displaying the different types and colors of fabric available on the petitioner's manufactured products.

Petitioner requested a hearing before the Commissioner of Revenue and this hearing was held on 3 September 1969. Thereafter, on 1 May 1970, the Commissioner rendered his decision abating the penalty of $623.70, but otherwise sustaining the tax assessed. Petitioner then petitioned the Tax Review Board for review of the Commissioner's decision and on 24 May 1971, the Tax Review Board entered Administrative Decision No. 114 which affirmed the Commissioner's decision. The Tax Review Board, in focusing its decision upon the propriety of the assessment of a sales and use tax on the fabric used in the production of swatch books stated:

"We note . . . the Taxpayer also objected to the assessment by the Commissioner of Revenue with respect to certain mill machinery, mill machinery parts and accessories, but it does not appear to have brought that objection forward for review, not having specifically covered it in its petition, or having referred to it in its oral argument or brief filed with the Board."

The statement of facts contained in Administrative Decision No. 114 contains the following explanation of swatch books and also delineates the disagreement between petitioner and the Department of Revenue:

"With reference to these swatch books, the fabric which the Taxpayer had purchased was brought into its

plant and the required yardage was cut therefrom to produce the number of swatches desired. The fabric was then cut, sewn and assembled by the Taxpayer to produce books of sample fabrics which were then delivered, either to the Taxpayer's employed sales representatives within and without the State, or to the Taxpayer's customers who are furniture dealers within and without the State who sell the Taxpayer's line of furniture. The swatch books are used to illustrate the fabrics available as coverings for furniture manufactured by CLAYTON-MARCUS.

No sales or use tax was paid by the Taxpayer on any of the aforementioned fabric. The Commissioner of Revenue, however, assessed sales and use tax upon the cost price of the fabrics which it used in swatch books which were delivered to furniture dealers and to in-State sales representatives of CLAYTON-MARCUS."

In rendering its decision the Tax Review Board considered and rejected taxpayer's arguments that the fabric used in making swatch books was exempt from the sales and use tax because (1) the fabric purchased which was used by petitioner to prepare swatch books was exempt from taxation under the provisions of G.S. 105-164.13(8) as "an ingredient or component part of tangible personal property which is manufactured", and (2) the fabric was exempt from taxation by the "storage and use exclusion" provided in G.S. 105-164.3(19).

On 23 July 1971, Clayton-Marcus petitioned the Superior Court for judicial review of Administrative Decision No. 114. On 28 September 1973, petitioner moved for summary judgment. Likewise, on 23 November 1973, respondent moved for summary judgment. On 4 December 1973, the court entered judgment, which in pertinent part provided:

"Now, THEREFORE, IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Motions for Summary Judgment heretofore filed by the petitioner and the respondent be, and the same are, hereby denied as being an inappropriate means of determining a proceeding under Article 33 of Chapter 143 of the General Statutes; and that the decision of the Tax Review Board be and the same is hereby affirmed in all respects and that these proceedings shall be and the same are hereby dismissed; the petitioner shall pay the costs to be taxed by the Clerk."

The petitioner appealed from this judgment.

*Kenneth D. Thomas for petitioner appellant.*

*Attorney General Robert Morgan by Assistant Attorney General Myron C. Banks for respondent appellee.*

HEDRICK, Judge.

G.S. 105-164.6 provides in pertinent part:

"An excise tax is hereby levied and imposed on the storage, use or consumption in this State of tangible personal property purchased within and without this State for storage, use or consumption in this State. . . . "

When the material in question is withdrawn from inventory, cut, and made into swatch books, which are distributed to petitioner's customers free of charge solely for the purpose of promoting sales of the furniture manufactured by petitioner, it is "used or consumed" within the meaning of the statute, and is subject to the tax levied pursuant thereto unless exempted by G.S. 105-164.13 (8) or excluded by G.S. 105-164.3 (19).

"Sales of tangible personal property to a manufacturer which enters into or becomes an ingredient or component part of tangible personal property which is manufactured" are exempt from the tax imposed by G.S. 105-164.6. See, G.S. 105-164.13 (8). The petitioner is engaged in the business of manufacturing furniture, not swatch books. Therefore, since the material (fabric) is used and consumed without being converted into tangible personal property (furniture in this case), which may be subject to a sales tax, it is not exempt from the tax.

G.S. 105-164.3 (19) provides:

" 'Storage' and 'Use'; Exclusion—'Storage' and 'use' do not include the keeping, retaining, or exercising any right or power over tangible personal property for the original purpose of subsequently transporting it outside the State for use thereafter solely outside the State and which purpose is consummated, or for the purpose of being processed, fabricated, or manufactured into, attached to or incorporated into, other tangible personal property to be transported outside the State and thereafter used solely outside the State."

Our conclusion that the material in question is used and consumed within the meaning of G.S. 105-164.6 when it is withdrawn from inventory and made into swatch books and that swatch books are not manufactured within the meaning of G.S. 105-164.13(8), obviates the necessity of our discussion whether such material is excluded by G.S. 105-164.3(19).

The judgment of the Superior Court is

Affirmed.

Judge MORRIS concurs.

Judge BALEY dissents.

Judge BALEY dissenting.

Under the opinion of the majority all fabric used in swatch books is considered to be taxable. Even the tax authorities under their interpretation of G.S. 105-164.3(19) have excluded from taxation the fabric included in swatch books which are sent to out-of-state salesmen of the taxpayer and used solely out of state. There are other questions of statutory construction in this case, for example whether the swatch books as well as the furniture constitute manufactured products, whether use outside the state implies use by the taxpayer only, and whether the statute requires that the manufactured product must be sold in order to qualify its component parts for exemption from tax, which would seem to justify a definitive ruling by the Supreme Court and possible eventual legislative clarification.